UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| ROY DICKEY, ET AL. | CIVIL ACTION NO. 07-0632 |
| VS. | SECTION P |
| WARDEN BULLARD, ET AL. | JUDGE MELANÇON |
| | MAGISTRATE JUDGE METHVIN |

<u>**MEMORANDUM ORDER**</u>

Before the court is a *pro se* Motion for Contempt Order and Injunction filed on or about

January 9, 2007 by Roy Dickey, Daniel Malone, Royce Privett, Elmer Taylor, and Richard

Mingoes.  Movants are prisoners in the custody of the Alabama Department of Corrections

(ADOC) who are currently incarcerated at the South Louisiana Detention Center (SLDC), Basile,

Louisiana.[1]  Movants, who purport to be Native Americans practicing the Native American

religion, filed their original motion in the United States District Court for the Middle District of

Alabama in a on-going consolidated class-action suits entitled *James Limbaugh, et al. v Leslie*

*Thomas, et al.*, No. 2:93-cv-1404-D and *Native American Prisoners of Alabama – Turtle Wind*

*Clan, et al. v. State of Alabama Department of Corrections, et al.* No. 2:96-cv-554-D [hereinafter

*Limbaugh*].  Their motion asked the United States District Court in Alabama to hold the "...

defendants in contempt of this court's order in the above styled cause, and ... to issue an

injunction enjoining the above named defendants from their unconstitutional practice of denying

---

[1] Sometime in early 2006, an Alabama Circuit Court Judge ordered the ADOC to relieve over-crowding in Alabama Prisons. Shortly thereafter, ADOC entered into an agreement with LCS Corrections Services, Inc. to house a number of these ADOC inmates at two LCS facilities located in Basile and Pine Prairie, Louisiana. See *Henry Byrd, et al. v. LCS Corrections Services, et al.*, No. 6:06-cv-0538.

2

the above named plaintiffs the right to practice their religion..."  Movants named as defendants

Warden Bullard (the Warden of an unnamed Alabama Corrections facility who is alleged to be

"responsible for ... overseeing ... the plaintiff's needs and rights while the plaintiffs are housed in

Basile, La..."), and SLCC personnel:  Wardens Drew and Bergeron, Deputy Wardens Jacks and

Viator, and Majors Riley and Stridel.  On March 19, 2007, United States Magistrate Judge

Charles S. Coody authored a Report recommending transfer of the motion to this court pursuant

to 28 U.S.C. §1404(a) ("For the convenience of the parties and witnesses, in the interest of

justice, a district court may transfer any civil action to any other district or division where it

might have been brought..."). [*Limbaugh* at doc. 427] On April 6, 2007, United States District

Judge Harold Albritton, III, adopted the Report and Recommendation and ordered the transfer.

[*id*., at doc. 428]

This motion was referred to the undersigned for review, report, and recommendation in

accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court.

### Law and Analysis

The instant motion seeks two separate and distinct remedies. First, movants ask that all

defendants be held in contempt of court for violating an order of the United States District Court

for the Middle District of Alabama; second, they seek to enjoin the defendants "... from their

unconstitutional practice of denying the ... plaintiffs the right to practice their religion..."

### 1. Contempt

While the mandate of an injunction issued by a federal district court runs nationwide,

*Leman v. Krentler-Arnold Hinge Last Co.*, 284 U.S. 448, 451, 52 S.Ct. 238, 240, 76 L.Ed. 389

(1932), nevertheless,  "[v]iolation of an injunctive order <u>is cognizable in the court which issued</u>

3

the injunction regardless of where the violation occurred." *Stiller v. Hardman*, 324 F.2d 626, 628 (2d Cir.1963), cited in *Waffenschmidt v. MacKay*, 763 F.2d 711, 716-717 (emphasis supplied). In other words, enforcement of an injunction through  contempt proceedings must occur in the issuing jurisdiction because contempt is an affront to the court issuing the order. *Waffenschmidt v. MacKay*, 763 F.2d at 716-717 (emphasis supplied)  As further noted by the Fifth Circuit Court of Appeals,  "[T]he power of a court to make an order carries with it the equal power to punish for a disobedience of that order, and the inquiry as to the question of disobedience has been, from time immemorial, the special function of the [ordering] court.... To submit the question of disobedience to another tribunal, be it a jury or another court, would operate to deprive the proceeding of half its efficiency.... [T]he sole adjudication of contempts, and the punishments thereof [belong] exclusively ... to each respective court. *In re Debbs*, 158 U.S. 564, 594-95, 15 S.Ct. 900, 910, 39 L.Ed. 1092 (1895) (citations omitted)." [*id.*]

        In short, this cannot find the defendants in contempt of the orders of the United States District Court for the Middle District of Alabama since enforcement of a contempt order must occur in the court issuing the order.

## 2. Injunction

        To the extent that movants seek to enjoin the Louisiana defendants from violating their Constitutionally protected rights, movants may file a complaint pursuant to the provisions of 42 U.S.C. §1983.  However, their complaints must comply with the Federal Rules of Civil Procedure and the local rules of this court.  Federal Rules of Civil Procedure Rule 3 provides, "A civil action is commenced by filing a complaint with the court."  Local Rule 3.2W of the United States District Court for the Western District of Louisiana provides in relevant part,

4

> Every complaint filed by a prisoner who is not represented by an attorney (i.e. who is proceeding 'pro se') complaining of violation of their constitutional rights ...  shall be typed or legibly written on forms supplied by the Court and signed by the prisoner. The prisoner shall follow the instructions provided with the forms ... Each pro se prisoner shall file a separate complaint ... except where multiple prisoners are asserting the same claim arising out of the same facts.  A prisoner who is unable to pay the filing fee and service costs may petition the Court on forms supplied by the Court to proceed in forma pauperis.  The court, after notice, may strike all complaints that are not accompanied by either a filing fee or a proper in forma pauperis form.  (emphasis supplied)

Clearly, movants  have not complied with the provisions of FRCP 3 and LR3.2W.

Therefore, for the foregoing reasons,

The Motion for Contempt is **DENIED**; and,

The Clerk of Court is ordered to provide Court-approved civil rights complaints and in forma pauperis applications to each of  the movants, Roy Dickey, Daniel Malone, Elmer Taylor, Royce Privett, and Richard Mingoes.

Each  individual movant who is  so inclined must then file his complaint and in forma pauperis application within thirty (30) days of this order. Failure to comply will result in the imposition of the sanction described above.

Signed at Lafayette, Louisiana, on April 20, 2007.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)